UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHARKO SEAFOOD INTERNATIONAL, LLC, ET AL. | * * * | CIVIL ACTION NO. 23-7036-BSL-DPC |
| VERSUS | * * | JUDGE LONG |
| THIRD COAST INFRASTRUCTURE, LLC, ET AL. | * * | MAGISTRATE JUDGE CURRAULT |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY**

Defendants Third Coast Infrastructure, LLC ("Third Coast") and Main Pass Oil Gathering Company, LLC ("MPOG") respectfully submit this memorandum in support of their Motion to Stay Discovery. For the reasons set forth below, Defendants demonstrate good cause to stay all discovery, including Rule 26(a) disclosures, pending this Court's resolution of Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]

**I.     FACTUAL BACKGROUND**

This lawsuit arises out of an alleged discharge of crude oil into the Gulf of Mexico off the coast of Plaquemines Parish, Louisiana, on November 16, 2023.[2] Not long after, on November 22, 2023, Plaintiffs, a proposed class of commercial fishermen, filed a complaint against Third Coast and MPOG.[3] Plaintiffs filed their Amended Class Action Complaint on December 7, 2023.[4] In their complaint Plaintiffs assert claims alleging violations of the Oil Pollution Act of 1990 ("OPA 90"), negligence, and strict liability.[5] Defendants waived formal service of process of the complaint,

---

[1] R. Doc. 18.
[2] R. Doc. 7 at 1.
[3] R. Doc. 1.
[4] R. Doc. 7; R. Doc. 4 (order directing Plaintiffs to file amended complaint).
[5] *See id.* at Part VI.

resulting in a deadline of March 4, 2024, to file their responsive pleadings.[6] On March 1, 2024, before Defendants had an opportunity to answer or otherwise respond to the complaint, at the request of Plaintiffs, the parties conducted the Rule 26(f) conference. At the conference the parties agreed to make Rule 26(a) disclosures within 30 days. However, on March 4, 2024, Defendants filed their Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which is set for submission on April 3, 2024.[7]

Defendants' motion to dismiss argues that Plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction, as the case is not ripe for review and Plaintiffs lack standing. The motion also argues that in the alternative, all of Plaintiffs' claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as Plaintiffs do not state claims under the Oil Pollution Act of 1990, or for negligence and strict liability.

## II.   LAW AND ANALYSIS

"A district court has discretion to stay discovery 'for good cause shown.'"[8] According to Fed. R. Civ. P. 26(c), "Good cause may exist when the party from whom discovery is sought shows that it would suffer 'annoyance, embarrassment, oppression or undue burden or expense' absent a stay."[9] Staying discovery "may [also] be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense.'"[10] "When

---

[6] *See* R. Doc. 15; R. Doc. 16.

[7] R. Doc. 18.

[8] *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 767 (W.D. Tex. 2008) (quoting Fed. R. Civ. P. 26(c)).

[9] *See id.* (quoting Fed. R. Civ. P. 26(c)).

[10] *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cur. 1990)); *see also Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir.1987)) ("The district court has 'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'").

deciding to issue a stay, some of the relevant factors that inform a court's discretion are the breadth of discovery sought, the burden of responding to such discovery, and the strength of the dispositive motion filed by the party seeking a stay."[11] The strength of the dispositive motion weighs in favor of staying discovery where, upon a cursory overview, the arguments appear "not frivolous and merit serious consideration," and if valid, will dispose of the entire case.[12] Courts have routinely stayed discovery pending the resolution of a motion to dismiss involving threshold jurisdictional issues and/or where resolution of the motion to dismiss may reduce or preclude the need for discovery altogether.[13]

Here, there exists good cause to stay all discovery pending the Court's resolution of Defendants' motion to dismiss. In the motion to dismiss, Defendants make substantial arguments in favor of dismissal that would resolve this matter entirely.[14] Specifically, Defendants argue that the nature of Plaintiffs claims are purely hypothetical with significant factual development still needed, and as such this matter is not yet ripe for review.[15] Further, Plaintiffs' complaint does not adequately establish standing to bring this suit. First, Plaintiffs' hypothetical and vague injuries

---

[11] *Primesource Bldg. Prod., Inc. v. Lee Grp. Int'l, Inc.*, No. 3:19-CV-02878-X, 2020 WL 6140462, at *1 (N.D. Tex. Aug. 12, 2020) (citing *Von Drake*, 2004 WL 1144142, at *1).

[12] *See id.* at *2.

[13] *See, e.g.*, *Lowery v. Mills*, No. 1:23-CV-129-DAE, 2023 WL 9958230, at *2 (W.D. Tex. Aug. 9, 2023) (finding that allowing discovery would be premature until threshold jurisdictional issues were resolved); *Alex A. by & through Smith v. Edwards*, No. CV 22-573-SDD-RLB, 2023 WL 100146, at *3 (M.D. La. Jan. 4, 2023) (collecting cases staying discovery pending the resolution of a motion to dismiss raising threshold jurisdictional issues such as standing and subject-matter jurisdiction); *Leblanc v. C.R. England, Inc.*, No. 3:13-CV-282-B, 2013 WL 12354441, at *2 (N.D. Tex. May 20, 2013) (staying discovery where a motion to dismiss may dispose of the entire action); *Von Drake*, 2004 WL 1144142, at *2 (a temporary stay of discovery was warranted where defendants had substantial arguments for dismissal of many, or all of plaintiffs' claims, and much of the discovery sought was overbroad and harassing).

[14] *See Sneed v. Abbot*, No. CV 21-279-JWD-RLB, 2021 WL 2877239, at *4 (M.D. La. June 29, 2021) (first citing *Shugart v. Hoover*, No. 17-633, 2018 WL 4600308, at *13 (E.D. Tex. Jan. 26, 2018); and then citing *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)) ("the Court may stay discovery where a defendant has made "substantial arguments in favor of dismissal" and where resolution of a preliminary motion might resolve the case entirely.").

[15] *See* R. Doc. 18-1 at 4-5.

cannot satisfy the injury-in-fact requirement of standing.[16] Second, Plaintiffs fail to establish the traceability element of standing as they were playing a "guessing game" when naming Third Coast and MPOG in their complaint.[17] Third, Plaintiffs' requested remedies do not relate to the alleged injuries and as such the redressability element is not satisfied.[18] Finding that Plaintiffs fail to establish any one of these requirements will result in the disposal of the entire case. Before allowing discovery, the Court should first determine whether it has jurisdiction over this case. It would be premature to permit discovery where the Court does not have jurisdiction. Plaintffs' lack of standing weighs in favor of staying discovery until the Court resolves the pending motion to dismiss.

Additionally, Defendants argue in their motion to dismiss that Plaintiffs do not state claims upon which relief can be granted.[19] Importantly, Defendants note that Plaintiffs have failed to adhere to the presentation requirement of OPA 90 which necessitates a dismissal of the OPA 90 claims.[20] Further, Plaintiffs' negligence claim fails to identify any legal for the basis of the claim, and even if it were brought under Louisiana law, Plaintiffs fail to allege the necessary elements to support the claim.[21] Finally, Plaintiffs' strict liability claim brought under Louisiana Civil Code article 2317-2317.1 fails as the Louisiana Supreme Court recognizes that these articles do not support strict liability, but instead are sounded in negligence.[22] However, even under a negligence

---

[16] *See id.* at 8.

[17] *See id.* at 8-9

[18] *See id.* at 10.

[19] *See id.* at 10-23.

[20] *See id.* at 11-14.

[21] *See id.* at 15-19.

[22] *See id.* at 19-21

standard, Plaintiffs fail to establish the requisite elements to state a claim.[23] Defendants' motion to dismiss clearly articulates arguments that are not frivolous but instead merit consideration and would dispose of the entire case.[24] As such, allowing any discovery, including Rule 26(a) disclosures, would be unduly burdensome on Defendants because of the likelihood of success of Defendants' motion to dismiss. The motion, if granted, would preclude the need for discovery altogether.

Finally, Plaintiffs would not be prejudiced by any stay of discovery; in fact, staying discovery could save all parties unnecessary costs and the inconvenience associated with claims that could ultimately be dismissed. Further, as mentioned in Defendants' motion to dismiss, there is no evidence of any imminent threat to Plaintiffs, any temporary delay resulting from the stay would not prejudice Plaintiffs.

Because there are threshold jurisdictional issues that need to be resolved, Defendants' motion to dismiss may dispose of many, if not all, of Plaintiffs' claims, and staying discovery until the Court rules on the motion to dismiss will not prejudice Plaintiffs, Defendants demonstrate good cause for the Court to stay all discovery, including Rule 26(a) disclosures.

---

[23] *See id.* at 21-22.

[24] *See Primesource Bldg. Prod., Inc.*, 2020 WL 6140462, at *2.

### III. CONCLUSION

For the foregoing reasons, Defendants request that the Court stay all discovery, including Rule 26(a) initial disclosures, until the Court rules on Defendants' pending motion to dismiss.

Date: March 8, 2024

Respectfully Submitted:

*/s/ Kelly B. Becker*
Cheryl M. Kornick (Bar #19652)
Kelly Brechtel Becker (Bar #27375)
Zachary D. Berryman (Bar #40278)
**LISKOW & LEWIS**
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email: cmkornick@liskow.com
         kbbecker@liskow.com
         zberryman@liskow.com

***Attorneys for Third Coast Infrastructure, LLC and Main Pass Oil Gathering Company, LLC***

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 8, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Kelly B. Becker*